UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| ALFRED LORENZO JONES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:23-cv-227-AMM-HNJ |
| JASON SCHMID, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on plaintiff Alfred Lorenzo Jones's excessive force and deliberate indifference claims against Sergeant Jason Schmid and Officer Carlos Wood. The defendants submitted a special report on June 18, 2025, Doc. 26, and the magistrate judge construed the special report as a motion for summary judgment and directed Mr. Jones to file a response, Doc. 27. Mr. Jones submitted a response on July 22, 2025. Doc. 30.

The magistrate judge entered a report on September 9, 2025, recommending that the court partially grant the defendants' motion for summary judgment. Doc. 31. The magistrate judge recommended that the court grant the defendants' motion for summary judgment on all claims against Officer Wood; grant summary judgment on the excessive force claim against Sergeant Schmid; and deny summary judgment on Mr. Jones's claim against Sergeant Schmid for deliberate indifference to Mr.

Jones's serious medical needs. Doc. 31 at 2. Although the court advised Mr. Jones of his right to file specific written objections within fourteen days, Doc. 31 at 28–29, the court has not received any objections.

Mr. Jones's excessive force claim is based upon the defendants' use of pepper spray after they approached Mr. Jones's cell in response to a credible report that he possessed contraband, and Mr. Jones did not immediately comply with their order to present his hands for cuffing. *See* Doc. 15 at 3–4. Use of pepper spray is an acceptable use of force when a prisoner does not obey an order. *See Danley v. Allen*, 540 F.3d 1298, 1307 (11th Cir. 2008), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010); *Jacoby v. Mack*, 755 F. App'x 888, 898 (11th Cir. 2018). As explained in detail in the magistrate judge's report, Mr. Jones has not established a genuine issue of material fact that the defendants used excessive force, and they are entitled to summary judgment on the excessive force claim.

Mr. Jones's Eighth Amendment claim for deliberate indifference to serious medical needs is based upon the defendants' alleged interference with Mr. Jones's receipt of proper medical care after he was sprayed with pepper spray. *See* Doc. 15 at 4. Mr. Jones claims that defendants first took him to a shift office to be searched for contraband instead of taking him directly to the infirmary, and he was not taken to the infirmary until nearly thirty minutes after he was sprayed. *See* Doc. 30 at 7–8.

2

Mr. Jones further claims that Sergeant Schmid and Officer Russell (who is not a defendant in this proceeding) "refused to document any body chart for injuries and would not let the nurses check [his] vitals or [administer] breathing treatment or flush out [his] eyes." Doc. 30 at 3.

The magistrate judge's report determines that Officer Wood has qualified immunity on this claim since he did not escort Mr. Jones to the infirmary. *See* Doc. 31 at 24. The magistrate judge stated: "Jones does not contend he requested immediate decontamination/medical treatment, Jones did not complain to Officer Wood[] he suffered from the effects of the chemical spray, and Officer Wood[] was not present while Sergeant Schmid and Officer Russell denied Jones proper decontamination." Doc. 31 at 26. Mr. Jones did not object to any of these statements, and the defendants' evidentiary submissions support the conclusion that Officer Wood was not present at the infirmary. *See* Doc. 26-1; Doc. 26-2 at 1; Doc. 26-3 at 1. Because the search before the infirmary visit is the only aspect of the deliberate indifference claim that relates to Officer Wood, the deliberate indifference claim against him is due to be dismissed. *See McNeeley v. Wilson*, 649 F. App'x 717, 723 (11th Cir. 2016) ("We cannot say that it is clearly established under the law that officers who apply pepper spray to an inmate, do not hear his complaints, and are not around while he is being denied decontamination can be held liable for deliberate indifference.").

3

The claim that Sergeant Schmid deliberately interfered with Mr. Jones's receipt of medical care at the infirmary, however, survives summary judgment. Although the "temporary discomfort" created by "pepper spray does not [usually] create a serious medical need," "[t]he effects of prolonged exposure to pepper spray with inadequate decontamination" do create a serious medical need. *Danley*, 540 F.3d at 1311. Mr. Jones's allegations against Sergeant Schmid are sufficient to create a genuine issue of material fact on the deliberate indifference claim.

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, it is **ORDERED** that the defendants' motion for summary judgment is **GRANTED** as to Mr. Jones's claims against Carlos Wood; **GRANTED** as to Mr. Jones's Eighth Amendment claim against Jason Schmid for excessive force; and **DENIED** as to Mr. Jones's Eighth Amendment claim against Jason Schmid for deliberate indifference to Mr. Jones's serious medical needs.

Accordingly, Mr. Jones's claims against Carlos Wood are **DISMISSED WITH PREJUDICE**. The court **DIRECTS** the Clerk of Court to terminate Carlos Wood as a party. Mr. Jones's Eighth Amendment claim against Jason Schmid for excessive force is **DISMISSED WITH PREJUDICE**. Mr. Jones's Eighth Amendment claim against Jason Schmid for deliberate indifference to Mr. Jones's

serious medical needs is **REFERRED** to the magistrate judge for further proceedings.

**DONE** and **ORDERED** this 5th day of March, 2026.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE